UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                        Plaintiff-Applicant,<br><br>-against-<br><br>BERNARD L. MADOFF SECURITIES LLC,<br><br>                        Defendant. | Adv. Pro. No. 08-01789 (BRL)<br><br>SIPA Liquidation<br><br>(Substantively Consolidated) |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC,<br><br>                        Plaintiff,<br><br>-against-<br><br>EQUITY TRADING PORTFOLIO LIMITED,<br><br>                        Defendant. | Adv. Pro. No. 10-04457 (BRL) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DECHERT LLP'S
MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FOR DEFENDANT EQUITY TRADING PORTFOLIO LIMITED**

DECHERT LLP
Neil A. Steiner
1095 Avenue of Americas
New York, New York 10036
(212) 698-3500
(212) 698-3599 (fax)

*Attorneys for Defendant
Equity Trading Portfolio Limited*

Pursuant to Local Bankruptcy Rule 2090–1(e) of the United States Bankruptcy Court for the Southern District of New York, Dechert LLP ("**Dechert**" or the "**Firm**") respectfully submits this Reply Memorandum of Law, together with the Reply Declaration of Neil A. Steiner, Esq., sworn on January 16, 2024 (the "**Steiner Reply Declaration**"), in support of Dechert's motion for leave to withdraw as counsel for Defendant Equity Trading Portfolio Limited ("**Equity Trading**") in the above-captioned action. The opening brief demonstrated that the Firm's withdrawal is well-warranted here: Dechert has not received payment of legal fees in years; Equity Trading has no ability to pay legal fees because substantially all of its assets were invested in a managed account with Bernard L. Madoff Investment Securities LLC ("**BLMIS**"); Equity Trading has no employees; and counsel does not have access to any person with first-hand knowledge of the allegations or subject matter of this litigation because, *inter alia*, the former officer of Equity Trading's manager passed years ago; and trial is still far off and the deadline for substantial completion of fact discovery is months away.

Nevertheless, the Trustee argues that Dechert should be forced to remain as counsel unless and until Equity Trading retains substitute counsel. According to the Trustee, even though there is no dispute that Dechert has been paid less than $67,000 in this matter, has not been paid in more than five years and has been paid less than $2,500 total since January 1, 2016, Dechert has not sufficiently established that Equity Trading is unable to pay the substantial fees that would be incurred to conduct discovery and defend this action through summary judgment and trial. Forcing

1

Dechert to remain as counsel without any reasonable prospect of payment is contrary to well-established law in this District, Op. Br. at 3-4, and makes no sense.[1]

Indeed, in contrast to the minimal fees that have been paid to Dechert commensurate with the limited activity in these cases to date, the Trustee has already charged approximately *$4.2 million* to the Equity Trading matter through March 31, 2023 – all of which have been approved by the Court and paid (subject to the standard discount provided by the Trustee's counsel) without any risk of non-payment to the Trustee's counsel. *See* Steiner Reply Decl. ¶ 3 & Ex. A. In light of that extreme disparity in fees to date, the Trustee's irrelevant accusation that "Equity Trading Is Responsible for the Historical Procedural Delays to this Case" because it "filed motions in the overarching bankruptcy case that prevented this adversary proceeding from moving forward," Tr. Br. at 3, rings particularly hollow.[2]

Moreover, as noted in the Opening Brief, aside from tax withholding on fictitious profits paid to the Internal Revenue Service, the Trustee seeks to avoid as a fraudulent conveyance a single withdrawal of $15 million in November 2008, which the Trustee concedes was promptly paid to BNP Paribas Arbitrage SNC ("**BNP**"). The Trustee initially named BNP as a defendant in this

---

[1] *Taylor v. Aegis Realty Mgmt. Corp.*, 16-CV-4247 (RA) (BCM), 2017 WL 11566891 (S.D.N.Y. Sept. 2, 2017), relied on by the Trustee, is inapposite. The Court denied defense counsel's motion to withdraw without prejudice, despite alleged non-payment of fees, where all discovery had been completed, there was less than three weeks remaining before the deadline for summary judgment motions, and plaintiff asserted that a settlement-in-principle had been reached on which the defendant was reneging. In those circumstances, the Court concluded that because "the only work remaining for counsel – assuming defendants do not renege – is to submit a fully-executed copy of a settlement agreement that has already been negotiated and drafted, the prejudice to defendants' counsel from denial of his motion would be negligible. The prejudice to plaintiff if the motion were granted, on the other hand, could be substantial." *Id.* at *3.

[2] At most, Equity Trading formally or informally joined various motions and legal arguments made by others that applied to virtually all of the adversary proceedings in the Madoff action; it did not file any motions or supplemental arguments of its own.

adversary proceeding but voluntarily dismissed that claim and is instead separately pursuing recovery from BNP as a subsequent transferee in a different adversary proceeding. In the event the Trustee is successful and recovers that withdrawal, it would give rise to a "springing" claim under Section 502(h) of the Bankruptcy Code that would be paid nearly 71 cents on the dollar. In other words, the net value of the Trustee's claim is approximately $4.35 million – making it particularly difficult to understand why the Trustee has already spent approximately $4.2 million pursuing the claim. Forcing Dechert to perform millions of dollars of work – likely well in excess of the amounts at stake in the case – with no prospect of payment would be fundamentally unfair and not only a waste of Dechert's time and resources but the time and resources of this Court and SIPC.

There is likewise no merit to the Trustee's argument that Dechert should be forced to remain as counsel so that it can conduct discovery of and against Equity Trading rather than allowing Equity Trading the option of defaulting and allowing an uncollectible judgment to be entered against it. The Trustee correctly notes that, as an entity, Equity Trading can only appear in this action through counsel. But the Trustee cites no authority for his apparent position that Equity Trading is obligated to appear and defend against the action – despite its lack of employees, documents or funding. The Trustee does not dispute that Equity Trading has no employees and that George Katsiapis, the officer of its former investment advisor manager who would have had knowledge of the events at issue, passed away years ago. And while the Trustee complains that Equity Trading should have retained its documents when it lost all of its assets to Madoff's Ponzi scheme, he disregards that Equity Trading's records were maintained by its administrator, Citco. Nor does the Trustee cite any authority for his argument that, if no other witness is available, the undersigned counsel should somehow be required to testify as a 30(b)(6) witness despite having

no personal knowledge of the underlying facts and no access to employees and virtually no access to documents concerning those events (in addition to the obvious invasion of the attorney-client privilege that would result).  The Trustee has pending adversary proceedings against BNP, Citco, and EFG Bank (which, as the Trustee has previously been advised, had a relationship with Equity Trading and/or its former investment advisor) and is already pursuing BNP as a subsequent transferee of the same funds being sought here.  The Trustee is free to seek discovery concerning the transfers at issue here from any or all of those entities regardless of whether Equity Trading chooses to retain substitute counsel or to default.

Finally, there is no merit to the Trustee's contention that permitting Dechert to withdraw "would disrupt this proceeding and prejudice the parties." Tr. Br. at 11.  It is undisputed that discovery is at the preliminary stage, months remain before the deadline for completion of fact discovery, expert discovery has not even commenced, and there is not yet a schedule for summary judgment motions and trial, which are likely years away.  Indeed, the Trustee asserted in the Case Management Plan that he anticipated the need to take discovery of individuals outside of the United States utilizing the Hague Convention but has not even started that process.  In short, a brief delay to give Equity Trading the opportunity to decide whether to retain substitute counsel and, if so, to obtain such substitute counsel or to default on the Trustee's claim would not prejudice either the Trustee or Equity Trading.

## CONCLUSION

For the foregoing reasons and those in the Opening Brief, Dechert respectfully requests that the Court grant its motion to withdraw as counsel for Defendant Equity Trading Portfolio Limited.

Dated: New York, New York
       January 16, 2024

Respectfully submitted,

DECHERT LLP

/s/ Neil A. Steiner
Neil A. Steiner
1095 Avenue of Americas
New York, New York 10036
(212) 698-3500
(212) 698-3599 (fax)

*Attorneys for Defendant*
*Equity Trading Portfolio Limited*